## Chambers v. Philadelphia Inquirer.

*Walter Thomas* and *Henry M. Stevenson*, for plaintiff.
*Graham & Gilfillan*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Oct. 2, 1930.—In this action in trespass for alleged libel the jury returned a verdict in favor of plaintiff for $9000. The defendant has taken a rule for a new trial, assigning in support of the motion that the verdict was against the evidence, against the weight of the evidence, against the law, against the charge of the court, and that it was excessive.

At the argument upon the rule the sole reason urged in its support was the one last stated.

The Philadelphia Inquirer, with a circulation of about 280,000 in Pennsylvania, New Jersey and surrounding territory, on July 21, 1925, published an article respecting the plaintiff, who up to that time had been postmistress at Lenni, Delaware County, Pennsylvania. It cannot be and was not disputed that the article in question was libelous, if untrue. The article was not true, in part. Charges were brought against plaintiff by the United States authorities for misconduct as postmistress; she was deposed from her office; she was brought before the United States Commissioner and held for trial, and subsequently to the publication tried in the United States District Court, and there acquitted of the criminal charge. The article, however, did state, prominently, that the plaintiff had been trapped in tampering with the mails passing through the Lenni Post Office, that United States inspectors had made statements strongly indicating her guilt, that plaintiff had confessed wrongfully opening mail, and had stated that it was for amusement and thrill, that after a partial hearing before a United States Commissioner she was held for a further hearing, none of which facts were sustained at this trial, or any evidence given in support of them.

The plaintiff submitted evidence to the effect that a letter prepared by her counsel, calling attention to the alleged untruths contained in the publication, had been mailed to the offices of the defendant, in effect demanding a retraction, but that no retraction followed. The receipt of this letter was denied by the defendant.

It was further contended at the trial that the acquittal of the plaintiff in the United States Court was published in an obscure portion of the Inquirer, and not given anything like the prominence given to the publication of the alleged libel.

The evidence as to damage to the reputation of plaintiff was restricted to the extent of the circulation of the Inquirer in the vicinity where plaintiff lived, and the manner in which she was treated by her friends and acquaintances in that community.

There was no evidence of any special damage, and excepting the charge of the excessiveness of the verdict there is no fault found with the trial.

At the trial, the loss of her position as postmistress was prominently thrown before the jury, and it is quite likely that this loss of her position by plaintiff may have had some influence with the jury in rendering this sizable verdict. This loss of her position was in no sense due to the publication by the defendant. Although she was acquitted of the criminal charge by the jury, the fact remains that she was never reinstated as postmistress by the United States authorities, which lends point to the argument that there may have been some truth in the published statement by the defendant, which it was unable to justify at this trial.

It can hardly be supposed that the publishers and managers of this prominent daily would willfully and maliciously make a publication of this character against this woman, and undoubtedly those in authority were misled, either by an overzealous reporter or by statements given out by the United States inspectors. Neither the reporter, who was absent in some foreign country, nor the inspectors could be produced at the trial. Introduction of the report of these inspectors was objected to by the plaintiff upon the ground that it is contrary to the rules of the Post Office Department to permit any divulging of the contents of its records or reports. The admission of these reports as in mitigation of damages was not pressed; but the court sees no

reason for the establishment or existence of a rule by any department which excludes evidence which may be necessary in the proper administration of justice; and such rules should not be sustained by the courts unless inimical to the Government itself.

Under all the evidence in this case, the verdict seems to be grossly excessive, and unless substantially reduced a new trial should be granted.

And now, Oct. 2, 1930, the rule for a new trial will be discharged if the plaintiff files a stipulation, within ten days, remitting $4500 of the verdict; and upon the filing of such stipulation judgment is directed to be entered upon the verdict for the sum of $4500 upon payment of the jury fee. In default of filing said stipulation within the period aforesaid, rule absolute.